1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10                 FOR THE DISTRICT OF OREGON

11  DANIELLE CORRIDEAN, individ-  )
    ually and on behalf of all    )
12  similarly situated persons,   )
                                   )
13              Plaintiff,         )
                                   )    No.  CV-06-524-HU
14       v.                        )
                                   )
15  RESTORE FINANCIAL SERVICES     )
    NETWORK LLC, an Oregon corpor-)
16  ation; and SERGEANTS TOWING,  )    FINDINGS & RECOMMENDATION
    INC., an Oregon corporation,   )
17                                 )
                Defendants.        )
18  _____)

19  Jon M. Egan
    JON M. EGAN, PC
20  240 Sixth Street
    Lake Oswego, Oregon 97034-2931
21
         Attorney for Plaintiff
22
    Jeffrey I. Hasson
23  DAVENPORT & HASSON, LLP
    12707 NE Halsey Street
24  Portland Oregon 97230

25       Attorney for Restore Financial Services

26  / / /

27  / / /

28  / / /


1 - FINDINGS & RECOMMENDATION

1  Sean Donahue
   DONAHUE & ASSOCIATES
2  1625 Umpqua Bank Plaza
   One SW Columbia Street
3  Portland, Oregon 97258-2021

4      Attorney for Sergeants Towing, Inc.

5  HUBEL, Magistrate Judge:

6      In a January 22, 2007 Findings & Recommendation, I recommended

7  that motions for summary judgment brought by defendants Sergeants

8  Towing, Inc. and Restore Financial Services Network LLC, be granted

9  as to plaintiff Danielle Corridean's Fair Debt Collection Practices

10 Act (FDCPA) claim.  I further recommended that the Court decline to

11 exercise its discretion to retain her claims under the Oregon

12 Unfair Debt Collection Practices Act (OUDCPA), and the Oregon

13 Unfair Trade Practices Act (UTPA).

14     On April 10, 2007, Judge Brown adopted the Findings &

15 Recommendation.  Judgment was entered April 11, 2007.

16     Defendants now seek awards of attorney's fees and costs.  I

17 recommend that both attorney's fees motions be denied, that

18 Restore's cost requests be denied, and that Sergeants Towing's cost

19 requests be granted in part and denied in part.

20                          DISCUSSION

21 I.  Attorney's Fees

22     Defendants seek attorney's fees under all three statutes upon

23 which plaintiff brought her claims:  the FDCPA, the OUDCPA, and the

24 UTPA.  Under the two Oregon statutes, attorney's fees may be

25 awarded to the prevailing party.  O.R.S. 646.641(2) (OUDCPA),

26 O.R.S. 646.638(3) (UPTA).  The problem for defendants is that these

27 claims were dismissed because the Court declined to exercise

28 supplemental jurisdiction over them, not because defendants

2 - FINDINGS & RECOMMENDATION

1  prevailed on the merits.  Defendants are not entitled to fees based
2  on the state claims.  <u>See</u> <u>Elwood v. Drescher</u>, 456 F.3d 943, 948
3  (9th Cir. 2006) (noting prior Ninth Circuit precedent holding that
4  defendant is not a prevailing party under 42 U.S.C. § 1988 when
5  claim is dismissed for lack of subject matter jurisdiction, and
6  extending that conclusion to cases where claims are dismissed on
7  various abstention grounds); <u>Miles v. California</u>, 320 F.3d 986, 988
8  (9th Cir. 2003) (costs under Federal Rule of Civil Procedure 54(d)
9  may not be awarded where an underlying claim is dismissed for lack
10  of subject matter jurisdiction because the dismissed party is not
11  a "prevailing party").

12      As to the FDCPA claim, defendants are entitled to fees which
13  are "reasonable in relation to the work expended," but only upon a
14  finding by the Court that the action was brought in bad faith and
15  for the purposes of harassment.  15 U.S.C. § 1692k(a)(3).

16      Defendants contend that plaintiff's deposition testimony shows
17  that she filed the action to punish defendants.  Additionally, they
18  argue that because the Court found a complete absence of any facts
19  to support the assertion that plaintiff and Sergeants Towing had a
20  transaction for consumer related goods or services as required to
21  establish an FDCPA claim, it can be inferred that the suit was
22  brought to harass defendants rather than to obtain a favorable
23  judgment.

24      I disagree.  First, the complete excerpt of plaintiff's
25  deposition testimony shows that she filed the action because she
26  believed she did not owe the debt.  Exh. 108 to Hasson Declr. at p.
27  3.  <u>Id.</u>  Plaintiff asserted more than once that she filed the
28  action against both defendants because she did not owe the debt.

3 - FINDINGS & RECOMMENDATION

1  Id. at p. 4.  She responded "yes" to the repeated question of
2  whether she had filed the lawsuit to punish Restore or Sergeants
3  only when pressed to provide a yes or no answer.  Id. at pp. 3-4.

4       Further, plaintiff sought clarification of counsel's meaning
5  of the word "punish."  Id.  Counsel explained that he meant whether
6  her purpose in filing the action was to penalize the defendants for
7  collecting the debt.  Id. at p. 4.  Seeking a penalty in connection
8  with a desire to obtain damages for a charge she believes she did
9  not owe, is not equivalent to  filing the action in bad faith or
10  for harassment.  Plaintiff's testimony, when read in its entirety,
11  does not support the conclusion that the action was filed in bad
12  faith or for harassment.

13       Second, while I concluded in the Findings & Recommendation
14  that there was "a complete absence of any facts to support the
15  assertion that plaintiff and Sergeants had a transaction for
16  consumer related goods or services," and thus, under the authority
17  I found relevant, plaintiff could not establish a debt under the
18  FDCPA, this is not support for a conclusion that the action was
19  brought to harass defendants.

20       Plaintiff appropriately notes in her opposition to the
21  attorney's fees motions, that the relevant case law relied on by
22  defendants was a District Court case from the Western District of
23  Washington, which is not binding on this Court.  It is not bad
24  faith or harassment to advocate for a different or novel
25  interpretation of the law when there is no contrary binding
26  precedent.  Merely because plaintiff did not prevail on her claim
27  does not mean that it was groundless or brought to harass.  E.g.,
28  Archer v. Beasley, 1991 WL 34889, at *2-3 (D.N.J. Mar. 5, 1991)

4 - FINDINGS & RECOMMENDATION

1  (although defendant won on the issue of whether its assessment
2  against plaintiff was a "debt" within meaning of FDCPA, it was not
3  entitled to attorney's fees because "[m]erely incorrectly pursuing
4  a cause of action does not, in and of itself, constitute bad
5  faith."). Accordingly, I recommend that defendants' motions for
6  attorney's fees be denied.

7  II.  Costs

8      Defendants are entitled to costs under the FDCPA only if they
9  meet the standard set out above for attorney's fees under the
10  FDCPA. Because I recommend concluding that the record does not
11  support a conclusion that plaintiff brought the action in bad faith
12  or for the purposes of harassment, defendants may seek costs only
13  pursuant to Federal Rule of Civil Procedure 54.

14      Rule 54(d) provides that "costs other than attorneys' fees
15  shall be allowed as of course to the prevailing party unless the
16  court otherwise directs[.]"  In the Ninth Circuit, this rule
17  "creates a presumption in favor of awarding costs to a prevailing
18  party[.]" Association of Mexican-Am. Educators v. California, 231
19  F.3d 572, 591 (9th Cir. 2000) (en banc).

20      Here, although defendants are not prevailing parties on the
21  Oregon statutory claims, and although the state and federal claims
22  rest on identical facts and thus, are intertwined to a certain
23  extent, the dismissal of the state claims based on this Court's
24  declining to exercise supplemental jurisdiction of those claims
25  does not change the fact that defendants are the prevailing party
26  in this federal claim and thus, are entitled to an award of costs
27  under Rule 54(d).  See Ogborn v. United Food and Comm. Workers Un.,
28  Local No. 881, 305 F.3d 763, 770 (7th Cir. 2002) (defendant was

5 - FINDINGS & RECOMMENDATION

1  prevailing party for purposes of Rule 54(d) even though the court

2  had declined to exercise jurisdiction over plaintiff's state law

3  claims, when it had ruled in defendant's favor on plaintiff's

4  federal claims); Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995)

5  (defendants were prevailing parties for purposes of Rule 54(d) and

6  entitled to costs when district court rendered judgment in their

7  favor on a relatively small federal claim and declined to exercise

8  its supplemental jurisdiction over the remaining state law claims).

9       A.  Restore's Costs

10      Restore seeks $737.23 in costs.[1]  $337.50 is attributable to

11  the court reporter fees associated with the taking of plaintiff's

12  deposition.  Exh. 109 to Hasson Declr.  The remaining expenses are:

13  $271.64 in computer-assisted legal research, $1.89 in postage,

14  $56.06 for printing/copy costs, $30 for "UPS Next Day Air," $32.67

15  for a copy of a transcript of a court proceeding, and $7.57 in

16  mileage.

17      In his declaration, plaintiff's counsel Jeffrey Hasson states

18  that the amount of costs incurred and set forth in Exhibit 109 to

19  his declaration, are "reasonable under the circumstances."  Exh.

20  109 to Hasson Declr.  In the actual Bill of Costs submitted by

21  Restore, Hasson declared that the costs sought are "correct and

22  were necessarily incurred in this action[.]"  Dkt. #116.

23      Exhibit 109 is a summary of the charges Hasson billed his

24  client.    No  original  invoices  are  appended,  or  submitted

25

26      [1]  Restore originally sought $802.23 in costs.  Exh. 109 to
    Hasson Declr.  However, Restore's counsel explains in a
27  supplemental declaration that a $65 check written to pay for a
    witness fee expense, was voided, and thus, the total costs sought
28  are reduced by amount.  Hasson Supp'l Declr. at ¶ 2.

separately, to substantiate the claimed amounts or to provide the information the Court requires to determine if the costs should be charged. For example, there is no itemization of the $56.06 in printing and copy costs and thus, no information provided as to what per page price was charged, what documents were being copied or printed, for whom, and how many copies were made. There is no information provided as to what UPS Next Day Air was sending, why next day air was required, and no indication of why a postage charge was incurred on September 30, 2006.

Local Rule 54.1 requires the prevailing party seeking costs under Rule 54(d), to file an affidavit and "appropriate documentation." L.R. 54.1(a)(1). Simply filing a list of charges without supporting documentation is not "appropriate documentation." Thus, I recommend that Restore's Bill of Costs be denied.[2]

---

[2] Moreover, even if the requests were adequately supported, I would recommend that several of them be denied. Specifically, I would recommend denial of the computer-assisted legal research cost, Frederick v. City of Portland, 162 F.R.D. 139, 144-45 (D. Or. 1995) (computer-assisted legal research costs not recoverable under section 1920), as well as the mileage for Hasson's trip to the courthouse. Syngenta Seeds, Inc. v. Delta Cotton Co-op, Inc., 2007 WL 1106116, at *2 (E.D. Ark. Apr. 12, 2007) (mileage costs for attorney not found in section 1920); Horina v. City of Granite City, 2007 WL 489212, at *2 (S.D. Ill. Feb. 9, 2007) (attorney mileage not recoverable under section 1920); Fred Meyer, Inc. v. Tischer, 1993 WL 513263, at *2 (D. Or. 1993) (costs for attorney travel not recoverable under section 1920).
Additionally, I would recommend disallowing the $30 charge for "UPS Next Day Air" as being similar to charges for messenger or delivery services which are ordinarily not recoverable. Frederick, 162 F.R.D. at 146 (messenger or courier fees not mentioned in section 1920 and are routinely excluded as taxable costs). Finally, I would recommend denying the request for postage. Card v. Pipes, 2004 WL 1403007, at *1 (D. Or. June 22, 2004) (postage is not recoverable under section 1920).

7 - FINDINGS & RECOMMENDATION

1      B.  Sergeants Towing's Costs

2          Sergeants Towing seeks $376.47 in costs under 28 U.S.C. §
3    1920.  $343.90 is for Sergeants Towing's share of the cost of
4    taking plaintiff's deposition.  $32.57 is for a copy of a
5    transcript of the summary judgment oral argument.  Sergeants Towing
6    submits invoices in support of these requests.  Sergeants Towing's
7    counsel also declares that these section 1920 costs, are "correct
8    and were necessarily incurred in this action[.]"  Dkt. #114.

9          Sergeants Towing also seeks what it describes as "related
10   nontaxable expenses" in the following amounts:  $7.28 for
11   photocopies and $138.11 for computerized research.  Declr. of Sean
12   Donahue at ¶ 6.  Although Donahue states in his declaration that
13   the amount of time incurred in performing the legal services was
14   reasonable and necessary, he fails to mention that these
15   "nontaxable" costs were reasonable and necessary.  Id. at ¶ 5.

16         The invoice for the deposition shows that Sergeants Towing
17   spent $327.50 for one-half of the cost of the court reporter's
18   time, and one-half of the cost of one original and one copy of the
19   deposition transcript.  Unnumbered Exhibit to Sergeants Towing Bill
20   of Costs (dkt #114).  An additional $6.40 was for photocopying and
21   $10.00 was for postage and delivery of the deposition.

22         To be awarded costs for depositions, the transcript must have
23   been "necessarily obtained for use in the case."  28 U.S.C. §
24   1920(2).  Depositions need not have been used at trial to be
25   "necessarily obtained for use in the case."  Frederick v. City of
26   Portland, 162 F.R.D. 139, 143 (D. Or. 1995).  "A deposition need
27   not be absolutely indispensable to justify an award of costs;
28   rather, it must only be reasonably necessary at the time it was

8 - FINDINGS & RECOMMENDATION

taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." Id.  The presence of a reference to the deposition in the record is not a prerequisite to a determination that it was necessarily obtained.  Id.; see also Hancock v. Albee, 11 F.R.D. 139, 141 (D. Conn. 1954) (the transcript of a party's deposition, taken by the opposing party, is necessary to prepare the client for trial).

The deposition cost sought by Sergeants Towing, properly supported by the court reporter's invoice, is recoverable.  While plaintiff objects that a conclusory statement in a cost bill application is insufficient to establish the requisite necessity, I reject that argument in this situation where the deposition at issue is that of the party plaintiff.  Regardless of the ultimate use of the deposition, it would be irresponsible of defense counsel not to take the deposition of the plaintiff as part of its discovery in the case.  No further articulation of necessity is required for this particular deposition cost.

Plaintiff objects to the $10 delivery portion of the deposition cost.  Absent some explanation of why there is a separate, additional $10 charge for delivery, on top of the charge for the court reporter's appearance and the provision of one original and one copy of the transcript, I do not award the $10 delivery charge.  Thus, Sergeants Towing may recover $333.90 for costs associated with taking plaintiff's deposition.

Plaintiff next objects to the $32.57 charge for the transcript cost.  As noted above, Sergeants Towing submits a receipt for this expense.  The receipt itself does not reveal the nature of the

9 - FINDINGS & RECOMMENDATION

1  court proceeding transcribed, nor does Donahue provide any
2  information about the proceeding in his declaration. But, by
3  reviewing the record, I am able to conclude that it must be a
4  transcript of the summary judgment hearing.

5      Nonetheless, I do not award the cost because Sergeants Towing
6  fails to demonstrate why the transcript was necessary. Without
7  some articulation of the necessity, Sergeants Towing should not
8  recover this expense.

9      As to the "nontaxable expenses," I recommend that they not be
10 awarded. As noted above in footnote 2, I recommend no award for
11 computerized legal research. Thus, even if this request had been
12 properly supported as reasonable and necessary, with the
13 appropriate documentation appended, I would recommend against
14 awarding it.

15     I also recommend declining to award $7.28 in copying expenses.
16 Generally, copying expenses may be awarded under 28 U.S.C. §
17 1920(4). <u>Disc Golf Ass'n v. Champion Discs, Inc.</u>, 158 F.3d 1002,
18 1010 (9th Cir. 1998) (cost of copies necessarily obtained in the
19 context of litigation recoverable under section 1920(4)). The fact
20 that Sergeants Towing did <u>not</u> seek the $7.28 in copying costs as
21 part of the section 1920 cost bill, but identified the costs as
22 other "nontaxable costs," implies that the costs are not for
23 ordinary copies necessarily obtained, but were instead, incurred as
24 a non-ordinary expense. Because Sergeants Towing fails to provide
25 any explanation of the expense, I recommend that it be denied.

26                          CONCLUSION

27     Defendant Restore's motion for attorney's fees and costs
28 (#108, #116), should be denied. Defendant Sergeants Towing's

10 - FINDINGS & RECOMMENDATION

1  motion for attorney's fees (#111), should be denied.  Defendant
2  Sergeants Towing's Bill of Costs (#114) should be granted in part
3  and denied in part, and $333.90 should be awarded as costs to
4  Sergeants Towing.

5                          SCHEDULING ORDER

6      The above Findings and Recommendation will be referred to a
7  United States District Judge for review.  Objections, if any, are
8  due June 6, 2007.  If no objections are filed, review of the
9  Findings and Recommendation will go under advisement on that date.

10     If objections are filed, a response to the objections is due
11 June 20, 2007, and the review of the Findings and Recommendation
12 will go under advisement on that date.

13     IT IS SO ORDERED.

14                 Dated this  22nd   day of   May      , 2007.

15

16

17                             /s/ Dennis James Hubel
                             Dennis James Hubel
18 _____ United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

11 - FINDINGS & RECOMMENDATION